**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LEONARD A. ROBINSON** <br> **AND PEGGY M. ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-713-BAJ-EWD** |
| **AMERICAN SECURITY INSURANCE COMPANY** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 17, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONARD A. ROBINSON** **AND PEGGY M. ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-713-BAJ-EWD** |
| **AMERICAN SECURITY INSURANCE COMPANY** | |

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is the Motion for Summary Judgment ("Motion"),[1] filed by American Security Insurance Company ("Defendant"), which seeks dismissal of the claims brought by Leonard and Peggy Robinson ("Plaintiffs") in this case. Defendant argues that dismissal is proper because, since Plaintiffs are not insureds, additional insureds, or third-party beneficiaries under the insurance contract at issue, they lack contractual standing to bring their breach of contract and bad faith claims. Defendant also argues that Plaintiffs' claims are time-barred under the provisions of the policy requiring that any action to enforce the policy be brought within two (2) years after the date of loss. Plaintiffs did not respond to the Motion, and their time to do so under the Court's Local Civil Rules has passed.

Because there is no genuine dispute of material fact such that Defendant is entitled to judgment dismissing all Plaintiffs' claims in this case as a matter of law, it is recommended that the Motion be granted.

**I.     BACKGROUND**

This case originated in Louisiana state court where Plaintiffs filed suit against Defendant for failure to perform under the terms of their insurance contract to pay damages arising from

---

[1] R. Doc. 11. Documents in the Court record are referred to as "R. Doc. __."

Hurricane Ida.[2]  Defendant removed the case to this Court on August 8, 2025, alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332.[3] The Notice of Removal alleges that Plaintiffs were, at the time of filing suit and at the time of removal, citizens of Louisiana;[4] that Defendant was, at the time of filing suit and at the time of removal, a Delaware corporation with its principal place of business in Georgia;[5] and that the amount in controversy was established by the demand for specific performance in the Petition in the amount of $283,000, plus consequential damages for failure to pay, as well as an assertion by Plaintiffs that repair costs totaled $284,000 during the pre-suit claim process.[6] Defendant further alleged that the policy limits for covered damages were $194,634.00 and that the claim was denied.[7] Plaintiffs have not participated in this case since it was removed to this Court and the scheduling conference set for November 13, 2025 was canceled to consider the Motion, which Plaintiffs had not timely opposed.[8]

## II.  LAW AND ANALYSIS

### A.  Applicable Summary Judgment Standard

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, so that the moving party is entitled to judgment as a matter of law.[9] A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits,

---

[2] R. Doc. 1-1, pp. 5-6.

[3] R. Doc. 1, p. 1.

[4] R. Doc. 1, ¶ 2.

[5] R. Doc. 1, ¶ 3.

[6] R. Doc. 1, ¶ 9; *see also* R. Doc. 1-1, p. 6, ¶ 4 and R. Doc. 1-5.

[7] R. Doc. 1, ¶¶ 7-8; *see also* R. Doc. 1-2, p. 10 and R. Doc. 1-4.

[8] R. Docs. 12, 13. Under Local Civil Rule 7(f), an opposition memorandum is due twenty-one (21) days after service of a motion.  The Motion was served on Plaintiffs by mail on August 19, 2025.  R. Doc. 11, p. 2.

[9] Federal Rule of Civil Procedure 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

if any, that show that there is no such genuine issue of material fact.[10] If the moving party carries that burden of proof under Federal Rule of Civil Procedure 56, the opposing party must point to specific evidence in the record which shows that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[11] Summary judgment must be entered against a party who fails to make a showing necessary to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[12] The interpretation of an insurance policy involves a legal question that can be appropriately resolved by summary judgment.[13]

In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[14] "If a plaintiff is proceeding *pro se*, [t]he district court does not have a duty to search the entire record to find evidence supporting the non-movant's opposition. Rather, the non-movant must identify specific evidence in the record, and [ ] articulate the precise manner in which that evidence support[s] [her] claim."[15] However, although Plaintiffs did not timely oppose the Motion, "[t]he Fifth Circuit has not approved the automatic grant of motions that are dispositive of litigation on the ground that

---

[10] *Celotex Corp.*, 477 U.S. at 323.

[11] *Anderson*, 477 U.S. at 248.

[12] *Celotex Corp.*, 477 U.S. at 323.

[13] *Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP v. Nat'l Fire Ins. Co. of Hartford*, No. 06-770, 2007 WL 2489711, at *2 (M.D. La. Aug. 29, 2007), citing *Robinson v. Heard*, 809 So.2d 943, 945 (La. 2002); *Lubbock County Hosp. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 143 F.3d 239, 242 (5th Cir. 1998).

[14] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

[15] *McCoy v. SC Tiger Manor, LLC*, No. 19-723, 2022 WL 4492761, at *3 (M.D. La. Sept. 9, 2022), report and recommendation adopted, No. 19-723, 2022 WL 4490158 (M.D. La. Sept. 27, 2022) (cleaned up).

the nonmoving party failed to comply with local rules that require a party to file a response to an opposed motion."[16]

### B. Defendant is Entitled to Summary Judgment Dismissing Plaintiffs' Claims

Defendant first argues that Plaintiffs cannot recover in this case because they lack standing to sue.[17] Specifically, because this was a forced place insurance policy, procured by the mortgagor, on which Plaintiffs are not the named insureds, additional insureds, or third-party beneficiaries, they cannot bring claims for either breach of contract or for bad faith penalties under the Louisiana Insurance Code.[18]

To have standing to enforce an insurance policy, the plaintiff must be: (1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy.[19] The only insured listed on the policy of insurance at issue is JPMorgan Chase Bank, N.A.[20] There are no additional insureds listed on the policy. Therefore, Plaintiffs are not named or additional insureds.

---

[16] *Darville v. Turner Indus. Grp., LLC*, 305 F.R.D. 91, 94 (M.D. La. 2015) (Jackson, J.), citing *John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709 (5th Cir.1985) (reversing the district court's grant of the defendants' summary judgment motion because "summary judgment cannot be supported solely on the ground that [the plaintiff] failed to respond to defendants' motion for summary judgment") (remaining citations omitted).

[17] R. Doc. 11, p. 1.

[18] *Id.*; *see also*, R. Doc 11-1, pp. 5-6.

[19] *Williams v. Certain Underwriters at Lloyd's of London,* 398 Fed.Appx. 44, 47 (5th Cir. 2010). The Fifth Circuit has clarified that this concept of standing is not Article III standing that would deprive this Court of subject matter jurisdiction but is instead an issue of contract interpretation that goes to the merits of the claim. *Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 594 (5th Cir. 2016), citing *Perry v. Thomas*, 482 U.S. 483, 492 (1987) (explaining the contention that plaintiffs "were 'not parties' to [an] … agreement" did not raise an issue of jurisdictional standing) (remaining citations omitted).

[20] R. Doc. 1-2, p. 10. The described location on the policy is 2850 77th Avenue, Baton Rouge, Louisiana 70807, which is the address listed in the Petition as the location of Plaintiffs' home. *Compare* R. Doc. 1-2, p. 10 with R. Doc. 1-1, p. 5, ¶ 1.

4

Nor are Plaintiffs third-party beneficiaries. Under Louisiana law, a third-party beneficiary may be created by a contract called a *stipulation pour autrui*.[21] Such a contract is never presumed.[22] Instead, the party claiming to be the beneficiary of a *stipulation pour autrui* must show the following: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promise."[23] In the context of lender-placed insurance, noninsured homeowners are only entitled to sue when, under the terms of the policy of insurance and under the circumstances of their claim, some of the policy benefits in question would be directly payable to them, as specified under the express terms of the policy.[24]

The policy contains the following provision regarding loss payment:[25]

> 12. **Loss Payment. We** will adjust all losses with the **named insured.** Loss will be made payable to the **named insured.** No coverage will be available to any mortgagee other than that shown as the **named insured** on the Declarations. Loss will be payable 30 days after **we** receive proof of loss and:
> a. Reach an agreement with the **named insured;**
> b. There is an entry of a final judgment; or
> c. There is a filing of an appraisal award with **us.**

---

[21] *See Weyerhaeuser Company v. Burlington Insurance Company*, 74 F.4th 275, 290 (5th Cir. 2023).

[22] *Doe v. Board of Supervisors of University of Louisiana System*, No. 22-338, 2025 WL 2111080, at *5 (M.D. La. July 28, 2025) (Jackson, J.) (citation omitted).

[23] *Weyerhaeuser Company*, 74 F.4th at 290, citing *Joseph v. Hosp. Serv. Dist. No. 2 of the Parish of St. Mary*, 2005-2364 (La. 10/15/06); 939 So. 2d 1206, 1212.

[24] *See, e.g., Williams v. Integon Nat'l Ins. Co.*, 132 F.4th 801, 808 (5th Cir.2025) (finding that language in policy at issue stating that amounts payable in excess of lender's interest would be payable to borrower manifested clear intent to benefit the third-party borrower). The loss payment provision at issue in this case does not contain similar language.

[25] R. Doc. 1-2, p. 18.

Here, because the loss payment provision of the policy only makes policy benefits payable to the named insured, JP Morgan Chase, N.A., there can be no finding of a *stipulation pour autrui* in favor of Plaintiffs.[26]

Defendant also seeks dismissal of Plaintiffs' claims for bad faith penalties under the Louisiana Insurance Code.[27] Defendant argues that, because Plaintiffs have no breach of contract claim, any claim for bad faith damages under La. R.S. 22:1892[28] also fails as a matter of law. Defendant is correct. Because Plaintiffs do not have a cognizable claim for coverage under the policy, their claim for bad faith penalties under the Louisiana Insurance Code necessarily fails.[29] The Court need not reach Defendant's argument regarding whether Plaintiffs' claims under the policy would be timely as they do not have standing to sue.[30]

### III. CONCLUSION

Because Plaintiffs are not named insureds, additional insureds, or third-party beneficiaries under the insurance policy at issue, they lack standing to bring claims for breach of contract or for

---

[26] *See Butler v. American Security Insurance Company*, No., 2019 WL 1714231, at **2-3 (M.D. La. April 17, 2019) (Jackson, J.) (granting motion to dismiss breach of contract claim for lack of standing upon finding no *stipulation pour autrui* because the policy language providing for loss payable to the named insured lender did not create a clear intent to benefit the plaintiff); *see also Johnson v. American Security Insurance Company*, No. 23-1120, 2025 WL 438103, at **3-4 (M.D. La. Feb. 7, 2025) (finding no *stipulation pour autrui* where the policy provided for benefits payable to the named insured lender, not the plaintiff, under similar policy language to that at issue in this case).

[27] R. Doc. 11, p. 1; R. Doc. 11-1, p. 6.

[28] The Petition references La. R.S. 22:1982, however, this appears to be a typographical error as § 22:1982 was repealed by Acts 2010, No. 794, § 4. R. Doc. 1-1, p. 6, ¶ 4.

[29] *See, e.g., Miller v. American Security Insurance Company*, No. 24-805, 2025 WL 1124966, at *7, citing *GeoVera Specialty Ins. Co. v. Joachin*, 2019 WL 8273471, at *9 (E.D. La. June 28, 2019), aff'd, 964 F.3d 390 (5th Cir. 2020). ("In order to maintain an insurance 'bad faith' claim under either La. R.S. 22:1892 or La. R.S. 22:1973, a plaintiff must have a valid underlying claim upon which insurance coverage is based.") (citing *Lee v. Sapp*, 2017-0490 (La.App. 4 Cir. 12/6/17); 234 So. 3d 122, 131 (citing *Clausen v. Fidelity & Deposit Co. of Md.*, 95-0504 (La.App. 1 Cir. 8/4/95); 660 So.2d 83, 85)).

[30] *Miller*, 2025 WL 1124966, at *7 (declining to reach the defendant's argument that the plaintiff's claims were untimely under the policy because the plaintiff did not have standing to sue in the first place).

6

bad faith penalties under the Louisiana Insurance Code for property damages they allegedly sustained from Hurricane Ida. Accordingly,

**IT IS RECOMMENDED** that the Motion for Summary Judgment,[31] filed by American Security Insurance Company, be **GRANTED**, and that all claims brought by Plaintiffs Leonard and Peggy Robinson in this case be **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED** that the Clerk of Court shall transmit this Magistrate Judge's Report, Recommendation, and Order to Plaintiffs Leonard A. and Peggy M. Robinson by regular mail and by certified mail, return receipt requested to the address on PACER.

Signed in Baton Rouge, Louisiana, on December 17, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] R. Doc. 11.